NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENCESLAO JIMENEZ-ISLAS, | No.    16-72698 |
| Petitioner, | Agency No. A205-648-676 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2022**
Seattle, Washington

Before:  WARDLAW, GOULD, and BENNETT, Circuit Judges.

Petitioner Wenceslao Jimenez-Islas challenges the Board of Immigration

Appeals' ("BIA") denial of his applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

under 8 U.S.C. § 1252, and deny the petition in part and dismiss it in part.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner, a native and citizen of Mexico, entered the United States without permission in 1999. Petitioner was convicted of driving under the influence on December 19, 2013. Removal proceedings against Petitioner began on December 20, 2013. Petitioner applied for asylum, withholding of removal, and CAT protection on August 9, 2014.

The Immigration Judge ("IJ") denied all relief. The IJ found that Petitioner's asylum application was barred because he had failed to file within a year of arrival. 8 U.S.C. § 1158(a)(2)(B). Petitioner claimed that he was unaware of asylum until his arrest, but the IJ rejected this claim because, without more, ignorance of the law is not an acceptable excuse. 8 U.S.C. § 1158(a)(2)(D) (requiring changed circumstances materially affecting eligibility for asylum, or extraordinary circumstances directly related to the delay, to qualify for exemption from time bar).

The IJ also held that Petitioner's asylum application failed on the merits because he had not demonstrated past persecution or a nexus to a protected ground. Although Petitioner alleged that he and his family were attacked in Mexico, the IJ noted that Petitioner did not know why they were attacked. The IJ found, citing Petitioner's testimony, that the attacks on his brothers seem to be a dispute over a motorcycle or attempted robbery and Petitioner may have been attacked because he was mistaken for someone else. The IJ also cited Petitioner's testimony that his attackers were known to "rob and kill anyone in the community with equal vigor."

The IJ also held that Petitioner failed to show a reasonable fear of persecution in Mexico. Petitioner suffered only a knife cut to his hand when he was attacked in Mexico, and he relocated to a different neighborhood in his hometown following the attack and lived there without incident for three years until he left for the United States. The IJ held that, because Petitioner failed to meet the burden of proof for asylum, he also "does not meet the higher burden of proof for withholding of removal." The IJ denied CAT relief, finding that the past harm to Petitioner did not rise to the level of torture, that evidence of country conditions and Petitioner's testimony did not establish a clear probability of torture, and that, even if there were a clear probability of torture, Petitioner failed to show that it would occur with the consent or acquiescence of the government.

The BIA affirmed the denial of asylum and withholding of removal for the same reasons cited by the IJ. The BIA also affirmed the denial of CAT relief, noting that Petitioner did not "specifically contest[]" the IJ's denial before the BIA. "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (citation omitted). "We review for substantial evidence the factual findings supporting the BIA's decision that an applicant has not established eligibility for asylum, withholding of removal, or relief under CAT." *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (citations omitted).

The agency's denial of asylum was not erroneous. Petitioner failed to apply within a year of arrival. He arrived in 1999 and applied for asylum in 2014. And Petitioner failed in this appeal to challenge the agency's finding that ignorance of the law was not an acceptable excuse. "[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived." *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996). Thus, Petitioner waived his argument that he timely applied for asylum.

Even if Petitioner had not waived the timeliness issue, the denial of asylum was not erroneous. "As a general rule, ignorance of the law is no excuse . . . ." *Antonio-Martinez v. I.N.S.*, 317 F.3d 1089, 1093 (9th Cir. 2003) (citation omitted). Petitioner also failed to show that a protected ground was a "central reason" for any persecution. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). Petitioner stated that his brothers may have been attacked "because they both worked in bars and maybe people thought they had money"; those who attacked one brother refused to pay after damaging his motorcycle and those who attacked the other tried to steal his car. As for the attack against Petitioner, Petitioner stated that the assailants "seemed like they mistook my friend for his brother," indicating that he may not have been attacked if not for the possible mistaken identification.

The agency's denial of withholding of removal was also not erroneous because the agency correctly found that Petitioner did not meet the standard required for asylum. Petitioner's "failure to satisfy the 'well-founded fear' standard

4

applicable to asylum applications necessarily preclude[s] his satisfying the more stringent 'clear probability of persecution' that withholding of removal requires." *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003) (citation omitted).

The denial of CAT relief was also not erroneous. First, Petitioner failed to exhaust the issue before the BIA, and thus we lack jurisdiction to review it. "Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003). Moreover, the IJ correctly found that the harm Petitioner suffered in Mexico, a knife cut to the hand, did not amount to torture. "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment . . . ." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (cleaned up). Petitioner's reliance on generalized violence in Mexico does not show eligibility for relief because "evidence that a government has been generally ineffective in preventing or investigating" crime does not "raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION DENIED IN PART AND DISMISSED IN PART.**